The United States District Court
for the Middle District of
Pennsylvania

Abdullah Ibn Jihad Friend
    Plaintiff

vs.

Brad Shoemaker
Ryan C. Barnes
Daniel Worthington
Tony R Mussare
Richard Mirabito
Harry Entz
Travis Heap
    Defendants

Civil action no. 3:18-cv-1715

FILED
SCRANTON
APR 11 2019
PER _____ /DEPUTY CLERK

FILED
HARRISBURG, PA
DEC 28 2018
PER _____ DEPUTY CLERK

Plaintiff's Second Amended Complaint

# I. Facts

1. In May 2018 C.O. Worthington observed plaintiff and another inmate having a conversation about Islam. The C.O. proceeded to make several derogatory statements about plaintiffs religion. C.O. made the statements that Muslims are oppressive, racist, he does not like Muslim teachings on how to live and that he does not like the Prophet Muhammad (peace be upon him).

2. On 5/15/18 Plaintiff was interrupted by Defendant C.O. Worthington as plaintiff was observing an act of worship in his cell (recitation of the call to prayer known as the adhan).

3. Defendant yelled at plaintiff to "Shut the Fuck up" and went to get on duty supervisor. Upon investigation, The supervisor determined that plaintiff could continue with reciting the Call to prayer before plaintiff's morning prayer.

4. On 5/17/18 Defendant was observed by plaintiff and several other inmates roaming the hallways stalking and waiting for plaintiff to start with the adhan.

5. Once plaintiff began the call to prayer C.O. Worthington enters G-block and yells at plaintiff to "Shut the fuck up" and threatens to send plaintiff to segregation.

6. Plaintiff was issued a misconduct for disobeying orders and excessive noise. Plaintiff than filed a grievance.

7. At the misconduct hearing conducted by Defendants Ryan C. Barnes, Harry Entz and Travis Heap, Plaintiff was told that he could not make any noise during the period between 11pm-7am during Third shift and that the recitation of the adhan and also the recitation during plaintiff's Salaah (prayer, one of daily 5) were in violation of the prisons policy of "Quiet time" during these hours.

8. Plaintiff was told his actions were "Safety and Security" issues due to the possibility of offending other inmates.

9. Plaintiff's grievance was denied by Brad Shoemaker despite the signatures as witnesses to events/actions of C.O. Worthington and that plaintiff was not excessive in noise or disrupting any inmates prison routine.

10. Plaintiff appeals grievance response to the Prison board consisting of Defendants R. Jack Mckernan, Tony R. Mussare, Richard Mirabito and Defendants deny appeal

11. Plaintiff was given 10 days in Segregation as a result of practicing religion inside of plaintiff's cell on 5/17/18

12. Defendants action and inaction did violate Plaintiffs 1st Amendment right to practice my religion when defendants restricted plaintiff from observing the religious acts of audible prayer and recitation of the adhan (call to prayer).

13. There is no penological justification as to why the defendants restricted plaintiff from observing the morning acts of worship.

14. The misconduct that was issued violated plaintiff's 8th Amendment right not to be subject to cruel and unusual punishment in as much as the plaintiff was subject to 10 days disciplinary time and subject to atypical inhumane conditions and different treatment from other prisoners putting the plaintiff into a significant hardship by being exposed to loud noise day and night from inmates suffering from mental illness, lack of sleep, dirty cells and a dirty block infested with spiders, centipedes ants and flies, extra thin mattress, 14 hours in between meals and lack of contact with children and family members.

15. Plaintiff avers that he was subject to conditions solely due to practicing religion in the prescribed way and defendants Worthington's discriminatory conduct towards muslims.

16. Defendant's Ryan C. Barnes, Harry Eutz, Travis Heap violated plaintiff's 14th Amendment right to Due Process when they failed to use reasonable discretion when they denied plaintiff's request to excercise his right to call witness's to establish proof that plaintiff's volume was not excessive nor disrupting inmates prison routine.

17. Defendants failed to use reasonable discretion when they solely relied on C.O. Worthington discriminatory misconduct.

18. Defendants R. Jack Mckernan, Tony R. Mussare and Richard Mirabito in fact did violate plaintiff's constitutional rights when they learned about the situation and failed to rectify the problem thus maintaining a custom and phantom policy (non-existing) lacking any penological justification.

19. Defendants Mckernan, Mirabito, Mussare are liable to the extent that they are policy makers who maintain a practice and custom violating plaintiff's constitutional right to freely practice religion, when they arbitraly promulgated a ghost policy (non-existing) or regulation that impinges on muslims, such as the plaintiffs constitutional right prohibiting them to freely practice mandatory aspects of the Islamic religion.

20. All Defendants herin response is an exagerrated response in as much that the reasoning does not relate to a legitimate security concern and lacks a legitimate penological justification for muslims to practice their religion.

21. The facts above constitute a violation of the plaintiffs 1st, 8th, and 14th Amendment rights of the United States Constitution.

## II. Relief

- Compensatory Damages in the amount of $250,000 jointly

- Punitive Damages in the amount of $100,000 from each defendant seperatly and severly

- Mental and Emotional distress damages in the amount of $10,000 from each Defendant

- Nominal Damages

- Trial by Jury on all issues triable by Jury

- Declaratory Judgement declaring that defendants in fact violated plaintiffs rights

- Plaintiff reserves right to amend complaint

December 20, 2018

Abdullah (signature)

277 West Third St
Lycoming County Prison

<u>legal claims</u>

Defendants actions violated Plaintiffs rights, 1st, 8th and 14th amendments of the Constitution of the United States.

Plaintiff reallege and incorporates by reference paragraphs 1-20

Plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## III verification

Plaintiff declares under penalty of perjury and pursuant to 28 U.S.C. Section 746 that the forgoing complaint is true and correct based upon personal knowledge.

December 20, 2018

*Abdullah Li*
277 West Third St
Lycoming County Prison