IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDULLAH IBN JIHAD FRIEND, | : | |
| Plaintiff | : | |
| | : | Electronically Filed |
| v. | : | |
| | : | |
| BRAD SHOEMAKER, RYAN C. | : | Civil Action No. |
| BARNES, DANIEL WORTHINGTON, | : | 3:18-CV-01715 ARC PT |
| R. JACK MCKERNAN, TONY | : | |
| R. MUSSARE, RICHARD | : | |
| MIRABITO, LT. HARRY ENTZ, | : | |
| and TRAVIS HEAP, | : | Complaint filed August 29, 2018 |
| Defendants | : | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Respectfully submitted,

McCORMICK LAW FIRM

By:   /s/ Austin White
    Brian J. Bluth, PA 87432
    Austin White, PA 312789
    Attorneys for Defendants Brad
    Shoemaker, Ryan C. Barnes, Daniel
    Worthington, R. Jack McKernan,
    Tony R. Mussare, Richard Mirabito,
    Lt. Harry Entz and Travis Heap

    835 West Fourth Street
    Williamsport, PA 17701
    (570) 326-5131
    (570) 601-0768 (fax)
    bbluth@mcclaw.com
    awhite@mcclaw.com

# TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................. iii

I.   Introduction ...................................................................................................1

II.  Procedural History.........................................................................................1

III. Statement of Facts .........................................................................................2

IV.  Statement of Questions Involved ..................................................................6

V.   Standard of Review .......................................................................................7

VI.  Argument.......................................................................................................8

1.   Plaintiff Has Failed to State a Sufficiently Claim that His First
     Amendment Free Exercise Right Was Violated .........................................8

     a.   Plaintiff's free exercise right was not
          infringed upon by Defendant Worthington...............................................8

     b.   Even if defendant Worthington interfered
          with a religious practice, it was pursuant to a
          legitimate penological interest ...............................................................10

     c.   Plaintiff's First Amendment rights were not Infringed
          by any other defendant...........................................................................12

2.   Plaintiff Has Failed to State a Constitutional Deprivation
     Claim against Defendants Shoemaker, Barnes,
     McKernan, Mussare, Mirabito, Entz, and Heap ........................................12

3.   Plaintiff Has Failed to Identify a Prison Policy
     or Custom that Violated His Constitutional Rights ...................................14

i

4.  Plaintiff Has Failed to State a Fourteenth Amendment
    Procedural Due Process Claim....................................................................16

5.  Plaintiff Has Failed to State a Cruel and Unusual
    Punishment (or Substantive Due Process) Claim
    Because Solitary Confinement for Ten Days
    Is not Actionable Under the Constitution ...................................................18

6.  Plaintiff Has Failed to State a Claim for Punitive Damages  ....................20

VII. Conclusion…………..............................................................................................20

# TABLE OF AUTHORITIES

Page

**Cases**:

*Alexander v. Riga*, 208 F.3d 419 (3d Cir. 2000)....................................................20

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)................................................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)......................................8

*Carter v. Lawler*, 2011 U.S. Dist. LEXIS 64513 (M.D. Pa. 2001) . .......................16

*Cooper v. Tard*, 855 F.2d 125 (3d Cir. 1988)..........................................10

*DeHart v. Horn*, 227 F.3d 47 (3d Cir. 2000) ...........................................8

*DeHart v. Horn*, 390 F.3d 262 (3d Cir. 2004) .................................................10, 11

*Heleva v. Kramer*, 214 F. App'x 244 (3d Cir. 2007)................................................11

*Hudson v. McMillian*, 503 U.S. 1 (1992).................................................19

*Johnson v. Wetzel*, 209 F. Supp. 3d 766 (M.D. Pa. 2016).......................................18

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) . ......................................................7

*Kwanzaa v. Mee*, 2011 U.S. Dist. LEXIS 69531 (D.N.J. 2011)................................9

*Lane v. Tavares*, 2016 U.S. Dist. LEXIS 91052 (M.D. Pa. 2016) .....................8, 11

*Markowitz v. Ne Land Co.,* 906 F.2d 100 (3d Cir. 1990) ..........................................7

*Millbrook v. United States*, 8 F. Supp. 3d 601 (M.D. Pa. 2014) ............................12

*Mitchell v. Dodrill*, 696 F. Supp. 2d 454 (M.D. Pa. 2010)......................................19

*Monell v. Dept of Soc. Servs.*, 436 U.S. 658 (1978) ..........................................15, 17

*Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000) ..........................................................18

*Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548 (3d Cir. 2002) .............................4

*Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988) .........................................12, 14

*Roman v. UniGroup Worldwide, Inc.*, 2014 U.S. Dist. (W.D. 2019) ........................4

*Sharp v. Johnson*, 669 F.3d 144 (3d Cir. 2012) ...........................................................8

*Smith v. Wade*, 461 U.S. 30 (1983) ...........................................................................20

*Sutton v. City of Phila.*, 21 F. Supp. 3d 474 (E.D. Pa. 2014) ...................................14

*Turner v. Safley*, 482 U.S. 78 (1987) ............................................................8, 10, 12

*United States ex rel. Jones v. Rundle*, 453 F.2d 147 (3d Cir. 1971) ........................10

*Whitley v. Albers*, 475 U.S. 312 (1986) .....................................................................19

*Wolff v. McDonnell*, 418 U.S. 539 (1974) .................................................................16

*Young v. Quinlan*, 960 F.2d 351 (3d Cir. 1992) ........................................................19

# I.     Introduction

The gravamen of plaintiff's second amended complaint is that while he was incarcerated at Lycoming County Prison (the "Prison") a correctional officer stopped him from making a call to prayer during the early morning hours of May 17, 2018.  Plaintiff alleges that, as a result, all the defendants violated his First, Eighth, and Fourteenth Amendment rights.

To the contrary, plaintiff has failed to assert a cognizable claim because he has merely claimed that he was restricted from <u>calling</u> <u>others</u> <u>to</u> <u>pray</u> – not from actually engaging in prayer.  Plaintiff has also failed to allege facts from which this Court could reasonably infer that his due process rights were infringed through the resultant disciplinary/grievance process, or upon which this Court could find that the Prison has a custom or policy that infringed upon his free exercise right.  In a Section 1983 case such as this, those factual inadequacies are fatal to plaintiff's claims.  The second amended complaint should thus be dismissed, with prejudice.

# II.     Procedural History

Plaintiff commenced this action in the United States District Court for the Middle District of Pennsylvania by way of a complaint filed on August 29, 2018. On September 17, 2018, defendants waived service of the summons for the defendants listed in the original complaint.  On September 20, 2018, plaintiff filed

an amended complaint, which added defendants Heap and Entz.  A waiver of the service of summons for defendants Heap and Entz was filed on October 2, 2018.

On November 16, 2018, all defendants filed a Rule 12(b)(6) motion to dismiss plaintiff's amended complaint for a failure to state a claim upon which relief can be granted.  (Doc. 24).  In response, plaintiff filed a motion for leave to file a second amended complaint.  (Doc. 27).  The Court granted plaintiff's motion, and provided the defendants until May 13, 2019, to file a response to plaintiff's second amended complaint.  (Doc. 29). Plaintiff's second amended complaint was docketed on April 11, 2019.  (Doc. 30).

On May 13, 2019, defendants filed a Rule 12(b)(6) motion to dismiss plaintiff's second amended complaint for a failure to state a claim upon which relief can be granted.  (Doc. 31).  This brief is filed in support of defendants' motion to dismiss.

### III.    Statement of Facts

Plaintiff alleges the following facts which are accepted as true for purposes of the instant motion only:

Plaintiff Abdullah Ibn Jihad Friend ("plaintiff") was, at all times relevant to his second amended complaint, a pre-trial detainee at Lycoming County Prison in Williamsport, Pennsylvania.  Plaintiff is a practicing Muslim who alleges that the

defendants violated his First, Eighth, and Fourteenth Amendment rights.  (Doc. 30, ¶¶ 1, 21).

Plaintiff alleges that at an unspecified date and time in May 2018, Correctional Officer Worthington ("C.O. Worthington") observed plaintiff and another inmate having a conversation about Islam, and in response C.O. Worthington made several derogatory statements about Muslims.  (Doc. 30, ¶ 1).

On May 15, 2018, plaintiff alleges he was making a "recitation of the call to prayer known as the adhan" when C.O. Worthington interrupted him, yelled "shut the fuck up," and then went to get the on-duty supervisor.  ( Doc. 30, ¶¶ 2-3). When the supervisor came, plaintiff was permitted to continue with his "call to prayer before plaintiff's prayer."  (Doc. 30, ¶ 3).  Plaintiff makes no allegation that he was actually restrained from engaging in an act of prayer – rather, he merely claims that C.O Worthington interrupted his call to others to pray.

Then, on May 17, 2018, plaintiff alleges that C.O. Worthington was "roaming" the hallways, "stalking" and waiting for plaintiff to "start with the adhan." (Doc. 30, ¶ 4).  Plaintiff alleges that when he "began the call to prayer" C.O. Worthington entered plaintiff's cell block and told plaintiff to "shut the fuck up" and threatened to send plaintiff to segregation.  (Doc. 30, ¶ 5).  C.O. Worthington then issued plaintiff a misconduct for disobeying orders and excessive noise.  (Doc. 30, ¶ 6).  Again, plaintiff makes no claim that he was

3

actually restrained from peacefully praying, rather, he alleges he was written up for making a "call to prayer.[1]"

To resolve the misconduct, plaintiff had a hearing before the Prison disciplinary hearing committee, which was comprised of defendants Barnes, Entz, and Heap.  (Doc. 30, ¶ 7).  Plaintiff was found guilty of making excessive noise between 11pm-7am.  (Doc. 30, ¶ 7).  As a sanction, plaintiff was sentenced to 10 days in segregation.  (Doc. 30, ¶ 18).

The misconduct C.O Worthington issued, which plaintiff basis this action on in part, is attached hereto as Exhibit A.[2]  Per the misconduct, plaintiff was written up for excessive noise and disobeying orders because he was calling to others to pray at 4:30 a.m. on May 17, 2018.  C.O. Worthington wrote that there had been three complaints from other inmates about plaintiff making noise like this on a daily basis; that plaintiff had been warned about a similar infraction on May 15, 2018; and that plaintiff persisted to make noise despite being warned three times in

---

[1]  According to Wikipedia, the "adhan" or "call to prayer" is a call made by a mosque five times a day, often via loud speakers, which summons Muslims to engage in prayer.  https://en.wikipedia.org/wiki/Adhan (accessed May 24, 2019). Plaintiff has not, and cannot, establish that his faith requires him to perform the equivalent of a loud speaker notification to Muslims at 4:30 a.m.

[2]  While this matter is before the Court on a motion to dismiss, the Court is permitted to consider the attached misconduct, because plaintiff repeatedly relies upon it in his complaint.  See Roman v. UniGroup Worldwide, Inc., 2014 U.S. Dist. LEXIS 72506, at *28 (W.D. Pa. 2014) citing Pryor v. Nat'l Coll. Athletic Ass'n, 288 F.3d 548, 559-60 (3d Cir. 2002).

a manner of a minute to stop.  <u>See</u> Ex. A.  The write-up shows that plaintiff was found guilty of making excessive noise, and that he received a 10-day sanction. <u>See</u> <u>id</u>.

Plaintiff then alleges that he was subjected to inhumane conditions during his 10 days of solitary confinement (to include loud noises, a dirty cell, insects, a thin mattress, 14 hours between meals, and lack of contact with children and family members) which he alleges amounts to cruel and unusual punishment under the Eighth Amendment.  (Doc. 30, ¶ 14).  He also claims that his time in solitary was a result of C.O. Worthington's purported "discriminatory conduct towards Muslims."  (Doc. 30, ¶ 15).

Next, plaintiff alleges that defendants Barnes, Entz, and Heap violated his Fourteenth Amendment due process rights because, during the disciplinary hearing, they denied plaintiff's request to call certain witnesses.  (Doc. 30, ¶ 16). Plaintiff does not state the names of the witnesses he wanted to call, how/when he made the request, or why their testimony was necessary.

Plaintiff then alleges that defendants McKernan, Mussare, and Mirabito (County Commissioners and Prison Board members) are policymakers who maintained an unspecified custom/policy that impinges upon Muslims' rights to freely practice their religion.  (Doc. 30, ¶¶ 32-34).  Finally, plaintiff alleges that

McKernan, Mussare, and Mirabito violated his First Amendment rights when they "learned about the situation and failed to rectify the problem." (Doc. 30, ¶ 18).

The only allegation against Warden Shoemaker was that he denied plaintiff's grievance regarding the May 17, 2018 write-up. (Doc. 30,¶ 18).

Plaintiff concludes his second amended complaint by demanding compensatory damages in the amount of $250,000.00; punitive damages in the amount of $100,000.00 from each defendant; nominal damages; damages for mental and emotional distress in the amount of $10,000 from each defendant; and a declaratory judgment. (Doc. 30, at I).

## IV.   Statement of Questions Involved

1. HAS PLAINTIFF FAILED TO SUFFICIENTLY ALLEGE THAT HIS FIRST AMENDMENT FREE EXERCISE RIGHTS WERE UNCONSTITUTIONALLY INFRINGED?

    (Suggested Answer in the Affirmative)

2. HAS PLAINTIFF FAILED TO STATE A CONSTITUTIONAL DEPRIVATION CLAIM AGAINST DEFENDANTS SHOEMAKER, BARNES, ENTZ, HEAP, MCKERNAN, MUSSARE, AND MIRABITO?

    (Suggested Answer in the Affirmative)

3. HAS PLAINTIFF FAILED TO IDENTIFY A PRISON POLICY OR CUSTOM THAT VIOLATED HIS CONSTITUTIONAL RIGHTS?

    (Suggested Answer in the Affirmative)

4. HAS PLAINTIFF FAILED TO ALLEGE THAT DEFENDANTS BARNES, ENTZ, OR HEAP VIOLATED HIS FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS?

   (Suggested Answer in the Affirmative)

5. HAS PLAINTIFF FAILED TO STATE A CRUEL AND UNUSUAL PUNISHMENT (OR SUBSTANTIVE DUE PROCESS) CLAIM, BECAUSE SOLITARY CONFINEMENT FOR 10 DAYS IS NOT ACTIONABLE UNDER THE CONSTITUTION?

   (Suggested Answer in the Affirmative)

6. HAS PLAINTIFF FAILED TO STATE A CLAIM FOR PUNITIVE DAMAGES?

   (Suggested Answer in the Affirmative)

## V.    Standard of Review

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint.  See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Thus, in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them."  See Markowitz v. Ne Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

For a complaint to be legally sufficient, a plaintiff must assert a facially plausible claim by pleading "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

## VI.    Argument

### 1.  Plaintiff Has Failed to Sufficiently Allege that His First Amendment Free Exercise Right Was Violated.

**a.    Plaintiff's free exercise right was not infringed upon by C.O. Worthington.**

A plaintiff alleging a free exercise violation must demonstrate that a sincerely held religious belief was unlawfully infringed upon by prison officials. See Lane v. Tavares, 2016 U.S. Dist. LEXIS 91052, at 26 (M.D. Pa. 2016) citing DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000).  To ultimately succeed, a plaintiff must prove that his Constitutional right to free exercise of religion was significantly restricted, and that the restriction was not reasonably related to a legitimate penological interest.  See Sharp v. Johnson, 669 F.3d 144, 156 (3d Cir. 2012) citing Turner v. Safley, 482 U.S. 78, 89 (1987).  Plaintiff's has not pled facts to demonstrate he has a plausible free exercise claim, as discussed below.

First, plaintiff's Constitutional right to free exercise of religion was not subject to significant restriction.  Nowhere in plaintiff's second amended complaint does he allege that he was actually prohibited from participating in an act of prayer – rather, plaintiff merely claims he was denied the opportunity to *call others to prayer*.

Specifically, plaintiff's claim is that on two occasions while he was engaging in a "call to prayer" he was told by C.O. Worthington to shut up, and that he was written up on the second occasion when he did not listen.  Per C.O. Worthington's misconduct report, plaintiff was written up because he was yelling at 4:30 a.m.; because C.O. Worthington had received multiple complaints from other inmates for similar behavior by plaintiff; and because plaintiff refused to stop yelling after being told to stop three times within a matter of a minute.  Plaintiff fails to plead any facts explaining exactly how this minimal restriction – not being permitted to call others to pray at 4:30 a.m. – actually prevented him from practicing his faith.

A similar claim was dismissed *sua sponte* by United States District Judge Stanley R. Chelser, in <u>Kwanzaa v. Mee</u>, 2011 U.S. Dist. LEXIS 69531 (D.N.J. 2011).  In <u>Kwanzaa</u>, the plaintiff inmate alleged, *inter alia*, that his right to free exercise of religion was unlawfully infringed when he was prevented from making the Islamic call to prayer on two occasions.  <u>See id.</u> at 27.  The Court disagreed, and held that the bare allegation that the plaintiff was denied the opportunity to call others to prayer was inadequate to state a free exercise claim.   <u>See id</u>. at 30.  The Court distinguished between an inmate claiming a significant restriction upon the act of praying (which did not occur here, or in <u>Kwanzaa</u>) and an inmate claiming he was prevented from calling others to pray.  It is respectfully submitted that, like

9

in <u>Kwanzaa</u>, plaintiff's claim here that he was restricted from calling others to pray is not actionable.  Plaintiff has not alleged facts, nor can he, that he was punished for peacefully praying, or restricted from peacefully praying.

Accordingly, defendants submit that there is not sufficient factual material within the second amended complaint for the Court to reasonably infer that C.O. Worthington unlawfully interfered with plaintiff's free exercise right.  The second amended complaint should thus be dismissed, with prejudice.

**b.     Even if defendant Worthington interfered with a religious practice, it was pursuant to a legitimate penological interest.**

While prisoners have a right to practice their religion, that right is not absolute.  <u>See</u> <u>United States ex rel. Jones v. Rundle</u>, 453 F.2d 147, 149 (3d Cir. 1971).  Indeed, the Third Circuit has explained that the free exercise of religion may be restricted in a prison setting, if the restriction is in furtherance of legitimate penological interests.  <u>See</u> <u>Cooper v. Tard</u>, 855 F.2d 125, 128 (3d Cir. 1988).  To determine whether a restriction is constitutional, the Court is to apply a reasonableness standard.  <u>Id.</u> at 128.

The reasonableness standard requires review of four separate factors. <u>DeHart v. Horn</u>, 390 F.3d 262, 268 (3d Cir. 2004) <u>citing</u> <u>Turner v. Safley</u>, 482 U.S. 78 (1987) to include (1) whether a rational connection exists between the regulation and a neutral, legitimate government interest; (2) whether alternative means exist exercising the constitutional right; (3) what impact the accommodation

10

of the right would have on inmates, prison personnel, and allocation of prison resources; and (4) whether obvious, easy alternatives exist. DeHart v. Horn, 390 F.3d 262, 268 (3d Cir. 2004).

The Turner factors apply even where a plaintiff alleges misconduct against an individual as opposed to a policy. See Lane v. Tavares, 2016 U.S. Dist. LEXIS 91052, at 27 (M.D. Pa. 2016) quoting Heleva v. Kramer, 214 F. App'x 244, 247 (3d Cir. 2007). Under Turner, the plaintiff bears the burden of proving the conduct was not rationally related to a legitimate penological interest. See Lane v. Tavares, 2016 U.S. Dist. LEXIS 91052, at 27 (M.D. Pa. 2016).

Here, plaintiff has failed to meet his burden of pleading that defendant C.O. Worthington's actions were unrelated to a legitimate penological interest. On the day plaintiff was written up C.O. Worthington heard plaintiff yelling from his cell block at 4:30 a.m., and he directed plaintiff to stop three times in a manner of a minute, and plaintiff defied those instructions. At that time, C.O. Worthington had received three complaints from other inmates about similar conduct by plaintiff occurring on a daily basis. And, C.O. Worthington had warned plaintiff for a similar infraction just days earlier.

Considering the time of day plaintiff was yelling, the impact the "act" had on other inmates and the staff, and plaintiff's defiance of direct orders, plaintiff has failed to meet his burden of pleading a plausible claim under the Turner analysis.

11

Indeed, the Prison has a legitimate penological interest in having specified times for inmates to sleep (a set routine), and in requiring that inmates obey direct orders. Ordering an inmate to cease making excessive noise during quiet hours, and issuing a misconduct against an inmate who defies direct orders, are actions that are rationally related to penological interests. There is nothing unreasonable about what transpired here.

The defendants respectfully submit that the second amended complaint against defendant C.O. Worthington should thus be dismissed, with prejudice.

**c.    Plaintiff's First Amendment rights were not infringed by any other defendant.**

For the reasons stated above regarding plaintiff's failure to plead a sufficient free exercise claim against defendant C.O. Worthington, plaintiff's free exercise claims against defendants Shoemaker, McKernan, Mussare, Mirabito, Barnes, Entz, and Heap also fail, as a matter of law. There are no facts plead from which this Court could reasonably infer that any of those defendants had personal and affirmative involvement in a violation of plaintiff's free exercise right. The Court should thus dismiss plaintiff's First Amendment claims against these defendants.

**2.   Plaintiff Has Failed to State a Constitutional Deprivation
Claim against Defendants Shoemaker, Barnes,
McKernan, Mussare, Mirabito, Entz and Heap.**

Liability in a Section 1983 civil rights action is personal in nature, and if a prison official's only involvement is being a supervisor or investigating a request

or grievance, there is no personal involvement on the part of that official.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d. Cir. 1988); see also Millbrook v. United States, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (stating that civil rights claims may not be premised on the theory of *respondeat superior* and that the plaintiff must demonstrate how each defendant was "personally involved in the events or occurrences which underlie a claim").  Here, plaintiff has failed to allege that defendants Shoemaker, Barnes, McKernan, Mussare, Mirabito, Entz, or Heap were personally and affirmatively involved in a deprivation of plaintiff's constitutional rights.  That failure is fatal to plaintiff's claims against each of these defendants.

First, plaintiff has failed to plead any facts whatsoever to support his claim that defendant Warden Brad Shoemaker acted unlawfully.  Plaintiff's sole claim against defendant Shoemaker is that he denied plaintiff's grievance appeal.  Pursuant to Rode, involvement in an investigatory capacity reviewing a grievance appeal does not rise to the level of personal and affirmative involvement in a deprivation.  It is submitted that a single conclusory allegation that defendant Shoemaker denied a grievance appeal is legally insufficient to state a claim.

The second amended complaint is equally deficient as to defendants Barnes, Entz, and Heap.  Involvement in the disciplinary hearing process is insufficient to demonstrate personal and affirmative involvement in a First, Eighth, or substantive

13

due process Fourteenth Amendment[3] deprivation, as a matter of law.  See Rode, supra.

Finally, plaintiff has not alleged any personal and affirmative involvement of constitutional deprivation on the part of County Commissioners McKernan, Mussare, and Mirabito.  The claims against the Commissioners are premised on the allegation that the Commissioners learned about plaintiff's "situation" and failed to act[4] to rectify the same (presumably through the grievance appeal process because the Commissioners are members of the Prison Board).  Involvement in the grievance process or in an investigatory capacity is insufficient to establish personal and affirmative involvement.

As plaintiff has failed to allege that defendants Shoemaker, Barnes, McKernan, Mussare, Mirabito, Entz and Heap were personally and affirmatively involved in a Constitutional deprivation, the claims against these defendants should be dismissed, with prejudice.

### 3.  Plaintiff Has Failed to Identify a Prison Policy or Custom that Violated His Constitutional Rights.

When a plaintiff files suit against a defendant in his/her official capacity, it is not a suit against the individual, but the individual's office.  See Sutton v. City of

---

[3] To the extent plaintiff is making a procedural due process claim against the Committee, that claim is addressed later in this brief.

[4] Plaintiff also makes a policy-based claim against the Commissioners, which is addressed in the subsequent section of this brief.

Phila., 21 F. Supp. 3d 474, 485 (E.D. Pa. 2014).  Thus, to the extent plaintiff's suit against defendants McKernan, Mussare, and Mirabito, County Commissioners and members of the Prison Board, is lodged against them in their official capacities, the suit is a policy claim against the Prison itself which must be scrutinized under the Monell standard.  See Monell v. Dep't of Soc. Servs, 436 U.S. 658, 694 (1978).

In accordance with Monell, to state a policy claim a plaintiff is required to plead facts indicating that a Prison policy caused him a constitutional deprivation. See Monell.  Plaintiff has not met that standard.  Rather, the second amended complaint makes the conclusory allegation that defendants McKernan, Mirabito, and Mussare promulgated a "ghost policy" which prohibited "mandatory aspects of the Islamic religion."  Plaintiff has plead no facts regarding an actual Prison policy or practice implemented or maintained by these defendants, which purportedly infringed upon plaintiff's free exercise right.[5]

---

[5] To the extent plaintiff's policy argument is that there is a policy that he is not allowed to call others to pray at 4:30 a.m. that argument also fails.  First, plaintiff has not shown that that restriction prevented him from practicing his faith.  Second, that restriction is reasonably related to a legitimate penological interest – having quiet hours for inmates to sleep is a viewpoint neutral and rationally related to maintaining order and routine.  Allowing inmates to yell at 4:30 a.m. would also have a negative impact upon the rights of other inmates to sleep.  And, a restriction during quiet hours does not restrain an inmate from engaging in otherwise permissible calls to prayer during the daytime (plaintiff has not claimed he was restricted from making a call to prayer during the day).

Accordingly, plaintiff has failed to state a policy claim under <u>Monell</u>, and all claims against McKernan, Mussare, and Mirabito, in their official capacities, and any other policy type claim made by plaintiff, should be dismissed.

### 4. Plaintiff Has Failed to State a Fourteenth Amendment Procedural Due Process Claim.

Plaintiff alleges that defendants Barnes, Entz, and Heap, as members of the Prison disciplinary hearing committee, did not allow him to call unspecified witnesses during the disciplinary hearing, resulting in a purported violation of his Fourteenth Amendment procedural due process rights. That allegation is insufficient to state a claim.

The minimal procedural protections that apply to prison disciplinary proceedings are the right to (1) receive advance written notice of the disciplinary charges; (2) call witnesses and present documentary evidence as part of a defense <u>when</u> <u>consistent</u> <u>with</u> <u>institutional</u> <u>safety</u> <u>or</u> <u>correctional</u> <u>goals</u>, and (3) receive a written statement of the evidence relied on and the reason for the disciplinary action. <u>See</u> <u>Carter v. Lawler</u>, 2011 U.S. Dist. LEXIS 64513, at 14 (M.D. Pa. 2011) <u>citing</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-67 (1974).

Under that standard, prison officials have reasonable discretion to deny an inmate's request to call a witness if permitting the witness would undermine the officials' authority or "create a risk of reprisal." <u>See</u> <u>Wolff v. McDonnell</u>, 418

U.S. 539, 566 (1974).  Prison officials are not required to inform an inmate about

the reason(s) why they denied the inmate's request to call a witness.  <u>See</u> <u>id</u>.

Here, plaintiff claims he was not allowed to call witnesses during his

hearing, for the purpose of "proof that plaintiff's volume was not excessive nor

disrupting inmates' prison routine."  (Doc. 30, ¶ 16).  However, plaintiff does not

even name the witnesses, or explain how or why their testimony was necessary for

a fair hearing.  Nevertheless, and assuming that plaintiff even made such a request,

it would be wholly inconsistent with institutional safety and correctional goals to

provide a constitutional right to an inmate, who is charged with misconduct, to

parade into a hearing a number of witnesses in efforts to band against the Prison

disciplinary hearing process.  That is the precise type of conduct that would

undermine prison officials' authority.

Indeed, C.O. Worthington wrote in his misconduct that he heard plaintiff

yelling at 4:30 a.m., that he had received multiple complaints from inmates

regarding the yelling, and that he asked plaintiff to stop three times in the matter of

a minute and plaintiff refused.  Plaintiff has not even named the witnesses he asked

to call or the substance of the testimony they would have provided, and how the

same could possibly be required for a fair hearing in light of C.O. Worthington's

report (which, the Court can safely assume, would be identical to any testimony he

would/could provide).  Under these circumstances, it is submitted that plaintiff has

failed to state a plausible procedural due process claim.

Accordingly, defendants respectfully submit that the Court should dismiss

any Fourteenth Amendment procedural due process claim from plaintiff's second

amended complaint.

### 5.  Plaintiff Has Failed to State a Cruel and Unusual Punishment (or Substantive Due Process) Claim Because Solitary Confinement for Ten Days Is not Actionable under the Constitution.

Placement in solitary confinement does not, on its own, violate a prisoner's

constitutional rights.  See Johnson v. Wetzel, 209 F. Supp. 3d 766, 777 (M.D. Pa.

2016) citing Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992), superseded on

other grounds by statute, Prison Litigation Reform Act, 42 U.S.C. § 1997, et. seq.,

as recognized in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000).  The courts

have explained that it is only long term isolation that may rise to the level of an

Eighth Amendment (or in this case substantive due process) claim.  See Johnson v.

Wetzel, 209 F. Supp. 3d 766, 777 (M.D. Pa. 2016) ("A number of courts have

resolved that the denials of basic human needs such as social interaction,

environmental stimuli, exercise, and sleep which attend long-term isolation run

afoul of the Eighth Amendment") (emphasis added).

The disciplinary hearing committee's sentence of 10 days in solitary

confinement does not rise to the level of cruel and unusual punishment (or here, a

violation of substantive due process, since plaintiff was not yet a sentenced inmate to whom the Eighth Amendment applies).  Indeed, the Supreme Court has held that only claims of "extreme deprivations" will give rise to a constitutional claim.  <u>See</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).  Prison officials have wide discretion in determining the best measures for maintaining prison security, and there are no facts pled here indicating that discretion was abused.  <u>See</u> <u>Mitchell v. Dodrill</u>, 696 F. Supp. 2d 454, 467 (M.D. Pa. 2010) <u>citing</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986).

Ten days in solitary confinement does not rise to an extreme deprivation, nor does plaintiff's claim that he was subjected to loud noises, a dirty cell, a thin mattress, insects, and limited familial contact during that short time.  And, although plaintiff alleges that he was subjected to solitary confinement as a result of the "discriminatory actions" by defendant C.O. Worthington, that claim is not substantiated by any facts.  Indeed, plaintiff admits that the disciplinary hearing committee that found him guilty did <u>not</u> include defendant C.O. Worthington. Further, the finding of guilt at the disciplinary hearing was for plaintiff making excessive noise at 4:30 a.m.

Indeed, after reviewing C.O. Worthington's report, and plaintiff's statement, the disciplinary hearing committee determined that the best measure for maintaining prison security was to impose a 10-day sanction against plaintiff for

19

excessive noise.  That sanction did not violate plaintiff's Constitutional rights, as a matter of law.  Accordingly, plaintiff's cruel and unusual punishment and related substantive due process claims should be dismissed.

### 6. Plaintiff Has Failed to State a Claim for Punitive Damages.

In a Section 1983 case, punitive damages are possible only when a defendant's conduct is "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  See Alexander v. Riga, 208 F.3d 419, 431 (3d Cir. 2000) quoting Smith v. Wade, 461 U.S. 30, 56 (1983).  There are no facts plead indicating that any of the defendants acted with evil motive or intent, or with callous or reckless indifference to plaintiff's constitutional rights.  Accordingly, if the second amended complaint is not dismissed in its entirety, any claim for punitive damages should be stricken.

## VII.   Conclusion

For the above-stated reasons, defendants respectfully request that the Court dismiss plaintiff's second amended complaint, with prejudice.

Respectfully submitted,

McCORMICK LAW FIRM

By:   _/s/ Austin White_
      Brian J. Bluth, PA 87432
      Austin White, PA 312789
      Attorneys for Defendants Brad
      Shoemaker, Ryan C. Barnes, Daniel
      Worthington, R. Jack McKernan,
      Tony R. Mussare, Richard Mirabito,
      Lt. Harry Entz and Travis Heap

      835 West Fourth Street
      Williamsport, PA 17701
      (570) 326-5131
      (570) 601-0768 (fax)
      bbluth@mcclaw.com
      awhite@mcclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDULLAH IBN JIHAD FRIEND, | : | |
| Plaintiff | : | |
| | : | Electronically Filed |
| v. | : | |
| | : | |
| BRAD SHOEMAKER, RYAN C. | : | Civil Action No. |
| BARNES, DANIEL WORTHINGTON, | : | 3:18-CV-01715 ARC PT |
| R. JACK MCKERNAN, TONY | : | |
| R. MUSSARE, RICHARD | : | |
| MIRABITO, LT. HARRY ENTZ, | : | |
| and TRAVIS HEAP, | : | Complaint filed August 29, 2018 |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, AUSTIN WHITE, hereby certify that the foregoing ***Defendants' Brief in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint*** was served this 28th day of May, 2019, upon the following, service as indicated:

**U.S. MAIL, FIRST CLASS, POSTAGE PREPAID:**

SPECIAL MAIL – OPEN ONLY
IN THE PRESENCE OF THE INMATE

Abdullah Ibn Jihad Friend
Inmate #00-03887
Lycoming County Prison
277 West Third Street
Williamsport, PA 17701

McCORMICK LAW FIRM

By: */s/ Austin White*
Austin White, PA 312789
Attorney for Defendants